[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11510
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 29, 2010
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00419-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS YOUNG,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 29, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Marcus Young pleaded guilty to one count of possessing a firearm while

being a convicted felon, in violation of 18 U.S.C. § 922 (g)(1), and was sentenced

to120-months' imprisonment. Young appeals his sentence on three grounds. First, he contends that the district court erred when it orally sentenced him using a variance analysis and then issued a written judgment using a departure analysis. Second, Young argues that the sentence is procedurally unreasonable because the court failed to adequately explain its reasons for varying upward. Finally, Young argues that his prior conviction, which was used to enhance the guideline sentencing range, was not charged in the indictment and proved beyond a reasonable doubt, thus violating his Fifth and Sixth Amendment rights. Upon review of the record, we affirm.

## I.

"Regardless of whether the sentence is imposed inside or outside of the guidelines range," we must first "ensure that the district court committed no significant procedural error" such as improperly calculating the guidelines range or failing to adequately explain a deviation from the guidelines. *Gall v. United States*, 552 U.S. 38, 51 (2007). Assuming that the district court's decision is "procedurally sound, the appellate court should then consider the substantive reasonableness of a sentence under an abuse-of-discretion standard." *Id.*

## II.

Young contends that the district court procedurally erred when it failed to consistently explain its reasoning for his sentence in its oral pronouncement and written judgment.  At the sentencing hearing, the district court analyzed its above-guidelines sentence as a variance in accordance with 18 U.S.C. § 3553(a).[1]  After sentencing Young to the statutory maximum of 120 months' imprisonment, the court observed, "That is the maximum, but that falls short of what he needs to be sentenced to.  He has illustrated that he has no respect for the public.  He has no respect for himself, and certainly not for the police officers or the courts."

When the court issued the written judgment, however, the district court indicated in its Statement of Reasons that the above-guidelines sentence was a departure under "4A1.3 Criminal History Inadequacy."  Further, when explaining the sentence, the court wrote, "the Court has conducted an upward departure after finding that the defendant's criminal history category significantly under represents the seriousness of the defendant's criminal history. . . ."

Young argues that the discrepancy between the oral pronouncement of sentence and the written judgment creates an ambiguity that warrants a remand for resentencing. We have determined that "[w]hen a sentence pronounced orally and

<hr>

[1]Though the district court conducted a variance analysis, specifically citing to § 3553(a) factors, it made a single reference to an "upward departure."  This one reference is not enough to render the district court's sentence ambiguous.  *See United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).

unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bonilla,* 579 F.3d 1233, 1245 (11th Cir. 2009) (internal quotations and citation omitted). If the oral sentence is ambiguous, only then is it proper to look to the written judgment "to ascertain the court's intentions." *Id.* The parties agree that the court engaged in a variance analysis at the sentencing hearing. Because the oral sentence was unambiguous, the oral pronouncement controls and Young's 120-month sentence is properly classified as an upward variance.[2]

## III.

Young also argues that the district court abused its discretion by imposing an unreasonable sentence. The sentencing court "shall impose a sentence sufficient, but not greater than necessary" to comply with the requirements of § 3553(a)(2).[3] Further, when reviewing the district court's sentence,

> [we] will take into account the totality of the circumstances, including the extent of any variance from the [g]uidelines range. . . . [I]f the sentence is outside the [g]uidelines range, the court . . . may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent

---

[2]Young also asserts that the district court erred when it failed to follow the proper procedure for a guidelines departure. Because we conclude that Young's sentence was a variance and not a departure, we do not address this issue.

[3]Sentences pronounced under § 3553(a)(2) shall, *inter alia*, reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public, and provide the defendant with educational or vocational training.

of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify a reversal of the district court.

*United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir. 2008) (citation omitted).

When a district court determines that a variance is in order, "it should explain why that variance is appropriate in a particular case with sufficient justifications." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotations and citation omitted).[4] These justifications must be compelling enough to support the district court's sentence and complete enough for review by this court; however, the district court need not provide extraordinary justification for a sentence outside of the guidelines range. *Id.*

On review, we conclude that the district court properly considered the § 3553(a) factors. The court noted that Young fled from law enforcement on four occasions; on two of those occasions he was found in possession of drugs and drug paraphernalia. The district court also focused on Young's storied criminal past, referencing his ten convictions dating back from the age of eighteen and numerous revocations. Further, the district court noted that Young, "hazards the community and policemen in many ways. . . . it is his custom to resist police . . . .

---

[4] "In assessing the factors, the sentencing court should remember that each convicted person [is] an individual and every case [is] a unique study in the human failing that sometimes mitigate, and sometimes *magnify*, the crime and the punishment to ensue." *Shaw*, 560 F.3d at 1237 (internal quotations and citation omitted) (emphasis added).

5

He drives to elude police at a great risk to the public, himself, and the police officers." This extensive criminal history coupled with the severity of his current offense supports Young's sentence. We conclude that the district court did not abuse its discretion when it varied upwards under § 3553(a) and sentenced Young to the statutory maximum.

IV.

Finally, Young argues that the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based on a prior conviction that was neither charged in the indictment nor proved beyond a reasonable doubt. Young concedes that this argument is precluded by precedent, but raises the issue so as to preserve it in case of a change in the governing law.

This court has repeatedly rejected Young's argument. *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004) (holding that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence"). Thus, any prior conviction that the district court used to fashion Young's sentence did not violate his Fifth and Sixth Amendment rights even if it was neither charged in the indictment nor proved beyond a reasonable doubt. Accordingly, the sentence of the district court is,

**AFFIRMED.**